## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ERIC S. ELSWORTH JR.**<br>13751 Co Rd H<br>Bryon, Ohio 43506<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**AEP ENERGY INC. aka and/or dba AEP ENERGY OHIO**<br>c/o David A Laing<br>1 Riverside Plaza, 29th Fl<br>Columbus, Ohio 43215<br><br>　　　　　Defendant | **Case No.**<br><br>**Judge**<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>Katherine A. Pawlak (0086885)<br>**WASSERMAN, BRYAN, LANDRY &**<br>**HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>　　　　kpawlak@wblhlaw.com<br>Attorney for Plaintiff,<br>Eric S. Elsworth Jr. |

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201, and 2202.  This action is for a violation of Section 15(a)(3) of the Fair Labor Standards Act.  This action, in part, is one for money damages and liquidated damages resulting from an alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1391, as Plaintiff was employed as a salesperson whose territory covered Bryan, Fostoria, and Canton, Ohio, where the events giving rise to the causes of action herein took place.

## PARTIES

3. Plaintiff, Eric Elsworth Jr. ("Plaintiff"), is a resident of the City of Bryan, County of Williams, State of Ohio. Plaintiff was employed by Defendant from June 8, 2015 until his termination on May 4, 2017.

4. Defendant, AEP Energy Inc. ("Defendant"), is an Illinois corporation, licensed to do business in the state of Ohio, and operating throughout Ohio. Defendant is an employer within the meaning of the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Fair Wage Standards Act ("MFWSA"), in that Defendant's annual sales exceed $500,000.

## NATURE OF THE CASE

5. Plaintiff brings this action for damages for an unlawful discharge of his employment by Defendant, who discharged Plaintiff in violation of the FLSA and the MFWSA. Defendants furthermore failed to promptly pay Plaintiff for his services while Plaintiff was employed by Defendant.

## FACTS

6. Plaintiff began his employment with Defendant as a sales consultant in the field on June 8, 2015.

7. Plaintiff performed his job well as a sales consultant, and was the number one consultant, having conducted between 1500 and 1600 sales in a two year time span.

8. Plaintiff was required to be at the AEP office in Columbus, Ohio, every morning to start his day, then travelling 1-2 hours to his territory to begin his sales.

9. Defendant was aware of the time and miles Plaintiff spent travelling, as it had real time tracking of its sales consultants.

10. While Plaintiff was employed with Defendant, he was not paid for mileage, nor was he paid for the time it took for him to travel.

11. Plaintiff complained about the mileage and travel time pay issues to Defendant. Plaintiff was paid an hourly rate with commission (although there was no set commission structure), but the time spent travelling was removed from his hours each week and not compensated.

12. Plaintiff contacted the Department of Labor, and complained about Defendan'ts pay practices.

13. The Human Resources manager Plaintiff had complained to had a conversation with her supervisor over Plaintiff's complaints.

14. One or two days later, Plaintiff was terminated.

### FIRST CLAIM FOR RELIEF
### FLSA Retaliation

15. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16. Plaintiff states that he complained to Defendant and the Department of Labor about Defendant's non- compliance with wage and hour laws.

17. Within a couple of days after complaining about the wage and hour violations, Plaintiff was terminated, allegedly for insubordination.

18. However, Plaintiff was meeting his employer's reasonable expectations, and performed his job well. Furthermore, Plaintiff was not insubordinate.

19. Plaintiff states that in terminating his employment, Defendant has intentionally retaliated against Plaintiff in violation of Section 15(a)(3) of the Fair Labor Standards Act.

20. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
## OHIO MFWSA Retaliation

21. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty (20) of this Complaint, supra, by reference in its entirety as if fully restated herein.

22. Plaintiff states that he complained to Defendant and the Department of Labor about Defendant's non- compliance with wage and hour laws.

23. Within a couple of days after complaining about the wage and hour violations, Plaintiff was terminated, allegedly for insubordination.

24. However, Plaintiff was meeting his employer's reasonable expectations, and performed his job well. Furthermore, Plaintiff was not insubordinate.

25. Plaintiff states that in terminating his employment, Defendant has intentionally retaliated against Plaintiff in violation of Sections 4111.13 and/or 4111.14 of the Ohio Minimum Fair Wage Standards Act.

26. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## THIRD CLAIM FOR RELIEF

**Ohio's Prompt Payment Act – O.R.C. § 4113.15**

27. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-six (26) of this Complaint, supra, by reference in its entirety as if fully restated herein.

28. Ohio Revised Code Section 4113.15(B) states in pertinent part:

> "Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

29. Plaintiff earned wages throughout the 2017 calendar year for tasks performed, including drive time, for Defendant.

30. More than sixty days has passed since the regularly scheduled paydays when Plaintiff's earned wages should have been paid.

31. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of Ohio Revised Code Section 4113.15

32. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages, and is entitled to liquidated damages.

**FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**

33. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-two (32) of this Complaint, supra, by reference in its entirety as if fully restated herein.

34. Plaintiff provided services to Defendant as a sales consultant.

35. Defendant has retained the benefit of Plaintiff's services without just compensation to Plaintiff for his drive time.

36. Permitting Defendant to retain the benefit of Plaintiff's services without compensating Plaintiff injures Plaintiff.

37. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages.

## FIFTH CLAIM FOR RELIEF
### Fair Labor Standards Act—29 U.S.C. Sections 201 et seq.

38. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-five (45) of this Complaint, supra, by reference in its entirety as if fully restated herein.

39. Plaintiff earned wages throughout the 2017 calendar year for tasks performed, including drive time, for Defendant.

40. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of 29 U.S.C. Section 218(c).

41. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for lost back wages, future wages, benefits, and for compensatory, liquidated, and punitive damages, prejudgment and post-judgment interest, plus his costs and reasonable attorney's fees, and whatever other relief, legal, or equitable to which he may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

 s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Eric S. Elsworth Jr.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

                    s/Francis J. Landry
                    Francis J. Landry